IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert James Gadsen, | ) | |
| | ) | Criminal No.: 2:97-cr-274-PMD |
| Petitioner, | ) | C.A. No.: 2:14-cv-1907-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner Robert James Gadsen's "Omnibus Motion" for post-conviction relief, which Petitioner asserts under Rule 60(b) of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651 (ECF No. 142). The United States of America ("the Government") has filed a Motion for Summary Judgment (ECF No. 151). The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing. For the reasons set forth herein, the Court dismisses Petitioner's Omnibus Motion and denies the Government's Motion as moot.

## BACKGROUND

In 1997, a jury convicted Petitioner of interfering with commerce by threats or violence, *see* 18 U.S.C. § 1951, and carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c). Because of Petitioner's criminal history, the Court determined he was a de facto career offender and sentenced him to twenty-five years in prison. *See* U.S.S.G. §§ 4A1.3, 4B1.1. The Fourth Circuit affirmed his sentence. *See United States v. Gadsen*, 178 F.3d 1287 (4th Cir. 1999) (table).

In 2001, Petitioner filed a petition to vacate his federal sentence under 28 U.S.C. § 2255. Petitioner argued that because this Court based his career-offender sentencing enhancement on

an unconstitutional (and subsequently vacated) prior state-court conviction for assault with intent to kill ("AWIK"), he should be resentenced without being treated as a career offender. This Court initially denied the § 2255 petition as untimely, but the Fourth Circuit reversed that ruling. *See United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003). On remand, this Court denied the § 2255 petition on its merits. The Court concluded that even without the vacated AWIK conviction, Petitioner qualified as a de facto career offender under § 4A1.3 because he had two state-court convictions for armed robbery and one state-court conviction for attempted armed robbery. Petitioner appealed. The Fourth Circuit dismissed the appeal, 100 F. App'x 887 (4th Cir. 2004), and the Supreme Court denied certiorari, 544 U.S. 989 (2005).

In 2009, Petitioner, citing the All Writs Act, filed what he called a petition for a writ of error audita querela. He contended that under a 2007 amendment to the United States Sentencing Guidelines, he could no longer be considered a de facto career offender and therefore his sentence should be reduced. Construing the petition as one seeking relief under § 2255, this Court found it was a "second or successive" attempt to obtain the same relief he sought in 2001. *See* 28 U.S.C. §§ 2244(b), 2255(h). Because the Fourth Circuit had not authorized Petitioner to file a second or successive petition, and because the amendment in question could not apply to him retroactively, this Court dismissed the petition. Petitioner appealed, and the Fourth Circuit dismissed the appeal. 355 F. App'x 738 (4th Cir. 2009).

Petitioner filed his Omnibus Motion on May 13, 2014, claiming that recent opinions issued by the Supreme Court and the Fourth Circuit[1] have invalidated his career offender designation. Later that day, the Court ordered the Government to file a response. At the

---

1. Namely, *Descamps v. United States*, 133 S. Ct. 2276 (2013); *Whiteside v. United States*, 748 F.3d 541 (4th Cir.), *reh'g en banc granted*, 578 F. App'x 218 (4th Cir.) (en banc), *and panel op. overruled*, 775 F.3d 180 (4th Cir. 2014) (en banc); *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013); and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013).

2

Government's request, the matter was stayed pending the Fourth Circuit's *en banc* review of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision in *Whiteside*. *See* 775 F.3d 180. On July 31, 2015, the Government filed its Motion for Summary Judgment, arguing that under the *en banc* decision in *Whiteside*, Petitioner's Motion was time-barred under § 2255(f).[2] On September 4, 2015, Petitioner filed a Response in Opposition. This matter is now ripe for adjudication.

## ANALYSIS

This is Petitioner's third collateral attack on his career-offender designation. That raises the question of whether this Court has jurisdiction to rule on the Omnibus Motion.

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), bars a prisoner from filing a "second or successive" petition unless a panel of the appropriate court of appeals certifies that the petition contains a claim relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Accordingly, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see* 28 U.S.C. § 2244(b)(3). Without such authorization, a district court lacks jurisdiction to review a successive petition. *Winestock*, 340 F.3d at 205.

---

2. In its Motion, the Government refers to Petitioner's Omnibus Motion as a "§ 2255 motion." Although the Government has not provided any argument as to why the Omnibus Motion should be construed as a § 2255 petition, as explained herein, the Court agrees with that characterization.

3

The AEDPA does not define "second or successive." *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999). Instead, the phrase "takes its full meaning from [Supreme Court] case law, including decisions predating the enactment of the [AEDPA]." *Panetti v. Quarterman*, 551 U.S. 930, 943–44 (2007) (citation omitted) (§ 2254 case). "This case law reveals that the High Court has 'declined to interpret "second or successive" as referring to all . . . applications filed second or successively in time, even when the later filings address a . . . judgment already challenged in a prior . . . application.'" *Scott v. United States*, 761 F. Supp. 2d 320, 324 (E.D.N.C. 2011) (footnote omitted) (quoting *Panetti*, 551 U.S. at 943–44). Indeed, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case). Therefore, "it is improper for a lower court to formulaically conclude that every motion filed *after* an initial section 2255 motion is filed is a 'second or successive' motion." *Scott*, 761 F. Supp. 2d at 325.

On the other hand, the AEDPA's filing procedures and restrictions would be toothless if prisoners were allowed to "circumvent them by attaching labels other than 'successive application' to their pleadings." *Winestock*, 340 F.3d at 203. For that reason, the AEDPA's "jurisdictional constraint on review of successive applications filed without authorization" extends to motions that, although not labeled as § 2255 petitions, are "functionally equivalent" to unauthorized successive petitions. *Id.* at 206; *see also id.* ("[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998))).

4

The cases cited above demonstrate that the AEDPA's jurisdictional restriction is content-based. Accordingly, when a prisoner who has already made at least one collateral attack on his sentence files another motion relating to that sentence, the district court must determine whether the motion is, at heart, a successive application. *See Winestock*, 340 F.3d at 207. Instead of merely counting the number of applications previously filed or accepting the label the prisoner has given his latest motion, the court must focus on the substance of the prisoner's claims. *See id.* at 206–07 ("[T]he proper treatment of the motion depends on the nature of the claims presented.").

As noted above, Petitioner contends that his motion is based on Rule 60(b) and the All Writs Act.[3] District courts within this circuit have routinely performed the examination required by *Winestock* on motions in which prisoners purport to seek relief from their sentences under either or both of those authorities. *See, e.g.*, *Miller v. United States*, No. 6:04-CR-00022-GRA-3, 2014 WL 1232205, at *1 (D.S.C. Mar. 24, 2014) (Rule 60(b)); *Morozumi v. United States*, No. 1:07CR54, 2011 WL 6217377, at *2–4 (W.D.N.C. Dec. 14, 2011) (both); *Oriakhi v. United States*, No. CIV.A. PJM-08-893, 2008 WL 1781017, at *1 (D. Md. Apr. 16, 2008) (All Writs Act). *Winestock* itself provides "a relatively straightforward guide," 340 F.3d at 207, to determining whether a purported Rule 60(b) motion is properly labeled or is instead a "'successive [application] in 60(b)'s clothing,'" *id.* (quoting *Lazo v. United States*, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). A Rule 60(b) motion "directly attacking the prisoner's . . . sentence" should be construed as a successive § 2255 petition, "while a motion seeking a remedy

---

3. Petitioner also cites Rules 15(c) and (d) of the Federal Rules of Civil Procedure in his Omnibus Motion. By citing those Rules, he appears to be seeking leave to amend the § 2255 petition he filed in 2001 so that he may add to it the claim he raises in his Omnibus Motion. Accordingly, he does not appear to be relying on Rule 15 as an independent basis for being relieved from his sentence.

Additionally, the Court declines to address Petitioner's request for leave to amend his prior § 2255 petition, as doing so in advance of any substantive relief would be premature. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (stating a district court may not grant a post-judgment motion to amend unless the judgment is vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)).

5

for some defect in the collateral review process" should be treated as a true Rule 60(b) motion. *Winestock*, 340 F.3d at 207; *see, e.g.*, *Miller*, 2014 WL 1232205, at *1 (applying the dichotomy from *Winestock*); *Morozumi*, 2011 WL 6217377, at *3 (same). As for motions invoking the All Writs Act, because the Act "is a residual source of authority to issue writs that are not otherwise covered by statute," if "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation and quotation marks omitted). Accordingly, in the context of the *Winestock* analysis, a motion citing the All Writs Act should be construed as a successive application if the issue raised therein is one for which § 2255 could provide relief. *See, e.g.*, *Bush v. United States*, No. CIV.A. JFM-11-2859, 2012 WL 6930319, at *1 (D. Md. Feb. 15, 2012) (holding motion styled as petition for writ of audita querela under All Writs Act was, in substance, a successive § 2255 petition); *Harris v. United States*, No. CRIM.A. 2:88CR76, 2006 WL 335627, at *2 (E.D. Va. Feb. 14, 2006) (same).

In this case, Petitioner makes only a direct assault on the same sentencing enhancement he has attacked twice before. He does not allege any defects in the prior post-conviction proceedings, and no part of his argument falls outside the purview of § 2255. "Where, as here, a pleading clearly challenges a petitioner's sentence, a § 2255 motion is the appropriate legal proceeding to request relief." *Bush*, 2012 WL 6930319, at *1. To be sure, the legal argument Petitioner now asserts differs from his prior arguments; indeed, it is based on cases that did not exist in 2001 or 2009. However, "new legal arguments" attacking a sentence "usually signify that the prisoner is not seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Winestock*, 340 F.3d at 207. Thus, the Court finds that Petitioner's Omnibus Motion is a successive § 2255 application and not a motion for which Rule

6

60(b) or the All Writs Act could provide relief. *See, e.g.*, *Harris*, 2006 WL 335627, at *2 ("Although the petitioner cloaks his claim under a different name, his petition is in reality a successive attempt to file a section 2255 petition.").

Consequently, this Court's jurisdiction depends on whether the Fourth Circuit has certified that his motion meets one of the criteria in § 2255(h). Petitioner does not assert that the Fourth Circuit has authorized him to make his new sentencing challenge, nor does the record indicate that has happened. Without that authorization, this Court cannot proceed. Accordingly, it must dismiss the motion without prejudice. The Court does not reach the Government's Motion and, at this time, expresses no opinion on whether Petitioner's claim is time-barred.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's Omnibus Motion is hereby **DISMISSED** without prejudice. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."[4] 28 U.S.C. § 2253(c)(2). Accordingly, it is **ORDERED** that the Government's Motion for Summary Judgment is hereby **DENIED** as moot.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 3, 2015**
**Charleston, South Carolina**

---

4. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.