# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Robert James Gadsen, ) | |
| ) | Case No.: 2:97-cr-274-PMD-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner Robert James Gadsen's motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 166). Gadsen challenges his de facto career-offender designation under the United States Sentencing Guidelines. The United States (the "Government") has moved to stay proceedings on Gadsen's § 2255 motion (ECF No. 169). Having thoroughly reviewed the parties' briefs and the record, the Court finds this matter suitable for disposition without a hearing. For the reasons set forth herein, the Court denies both motions.

## BACKGROUND AND PROCEDURAL HISTORY

In 1997, a jury convicted Gadsen of interfering with commerce by threats or violence, *see* 18 U.S.C. § 1951(a), and carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c). Gadsen had an extensive criminal history that included convictions in South Carolina state court for, *inter alia*, an attempted armed robbery, two armed robberies, and an assault with intent to kill ("AWIK"). Those convictions did not technically qualify Gadsen as a career offender under the Sentencing Guidelines because they were related. *See* U.S.S.G. §§ 4A1.2, 4B1.1 (1995).[1] However, the Court found that Gadsen's calculated criminal history

---
1. The 1995 version of the Sentencing Guidelines was used to calculate Gadsen's sentence.

score substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes. *See* U.S.S.G. § 4A1.3. Accordingly, the Court departed upwardly, treating Gadsen as a de facto career offender, and sentenced him to twenty-five years in prison—twenty years on the § 1951(a) conviction, and five consecutive years on the § 924(c) conviction. The Fourth Circuit affirmed Gadsen's sentence. *See United States v. Gadsen*, 178 F.3d 1287 (4th Cir. 1999) (table).

A South Carolina state court later vacated Gadsen's AWIK conviction on the basis that the State obtained it through an invalid guilty plea. In 2001, he filed a § 2255 motion in this Court, arguing that, without the AWIK conviction, it was no longer proper to treat him as a career offender. The Court rejected that argument. Noting that it could still rely on the AWIK conviction for the purposes of § 4A1.3, the Court concluded that, even without the AWIK conviction, Gadsen's two armed robbery convictions and one attempted armed robbery conviction warranted treating Gadsen as a de facto career offender. The Court therefore denied Gadsen's § 2255 motion.

Between 2009 and 2016, Gadsen filed three more challenges to his sentence. The Court dismissed each one for lack of jurisdiction.

Gadsen filed his current § 2255 motion[2] in June 2016. In his motion, Gadsen asserts that his sentence is constitutionally infirm under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government has responded to Gadsen's § 2255 by asking the Court to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). These motions are ripe for consideration.

---

2. As this is Gadsen's fifth collateral attack on his designation as de facto career offender, the motion is successive. *See* 28 U.S.C. § 2255(h). However, the Fourth Circuit granted Gadsen permission to file his current § 2255 motion.

2

## APPLICABLE LAW

Gadsen proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

## DISCUSSION

As mentioned, the Court sentenced Gadsen as though he were a career offender.  Under the Sentencing Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  At the time of Gadsen's sentencing, "crime of violence" was defined as a state or federal crime, punishable by more than a year in prison, that—

i.   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

ii.  is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(1) (emphasis added).  The emphasized language is commonly called the "residual clause."  *See, e.g.*, *United States v. Martin*, 753 F.3d 485, 488 (4th Cir. 2014).  The

3

Armed Career Criminal Act ("ACCA") uses an identically worded residual clause to define the term "violent felony."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  In *Johnson*, the Supreme Court declared the ACCA's residual clause unconstitutionally vague.  135 S. Ct. at 2563.

Gadsen argues that *Johnson*'s holding applies to § 4B1.2(1)(ii)'s residual clause and that his prior convictions cannot constitute crimes of violence under the remaining portions of § 4B1.2(1).  Consequently, he argues, his treatment as a de facto career-offender is invalid because he no longer has the threshold number of predicate offenses to justify such treatment.

The Supreme Court is currently poised to decide in *Beckles* whether *Johnson*'s holding extends to § 4B1.2(1)(ii) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced under § 4B1.2(1)(ii).  The Government contends the Supreme Court's decision in *Beckles* will affect the outcome of Gadsen's § 2255 motion and therefore this Court should stay proceedings until that decision is issued.

The Court disagrees with the premise of the Government's argument; *Beckles* will not affect the outcome here.  As a threshold matter, it is unclear whether a decision in *Beckles* would extend to a sentence that was the product of a § 4A1.3 departure.  After all, such a sentence is not, strictly speaking, based on § 4B1.2(1)(ii)'s residual clause.  However, even assuming that the Supreme Court's *Beckles* decision will allow Gadsen to collaterally attack his sentence, Gadsen still could not obtain relief because at least three of his prior convictions still count as crimes of violence.

Just like § 4B1.2(1)(i), the ACCA defines "violent felony" in part as a crime, punishable by more than a year in prison, that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  Courts commonly refer to those identical provisions as the "force clause."  *See, e.g.*, *United States v. Doctor*, 842

F.3d 306, 308 (4th Cir. 2016); *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015).  In *Doctor*, the Fourth Circuit held that South Carolina strong arm robbery categorically falls under the ACCA's force clause and thus still constitutes a violent felony even after *Johnson*.  842 F.3d at 312.  Courts' interpretations of the ACCA's violent-felony definition "apply with equal force" to § 4B1.2(1)'s crime-of-violence definition.  *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010).

South Carolina strong arm robbery is a lesser-included offense of armed robbery.  *State v. Scipio*, 322 S.E.2d 15, 16 (S.C. 1984).  As that lesser-included offense is categorically a crime of violence under the force clause, "it necessarily follows" that armed robbery is, too.  *Cf. United States v. Chisolm*, 579 F. App'x 187, 195–96 (4th Cir. 2014) (holding South Carolina crime of criminal domestic violence of a high and aggravated nature was categorically a crime of violence under U.S.S.G. § 4B1.2(1) because its lesser-included offense, criminal domestic violence, fell entirely within § 4B1.2(1)'s force clause).  So is South Carolina attempted armed robbery.  *See* U.S.S.G. § 4B1.2 cmt. 1 (stating "crime of violence" in § 4B1.2(1) includes the offense of attempting to commit the substantive offenses that fall under § 4B1.2(1)).

As noted above, this Court has previously concluded that Gadsen's two armed robbery conviction and one attempted armed robbery conviction were collectively sufficient to justify Gadsen's sentence.  Under *Doctor*, those crimes still constitute crimes of violence as defined in § 4B1.2(1)(i).  Thus, even a defense-friendly decision in *Beckles* will not affect Gadsen's sentence.

Because *Beckles* will have no impact here, the Court denies the Government's request to stay.  Rather, the proper course is to rule on Gadsen's § 2255 motion now.  As the above discussion illustrates, Gadsen is not entitled to relief.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that the Government's motion to stay and Gadsen's § 2255 motion are both **DENIED**. The Court declines to issue a certificate of appealability.[3]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 12, 2017**
**Charleston, South Carolina**

---
3.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.

6